Staples, J.
The plaintiff is the holder of a policy of fire insurance in the Southern Mutual insurance company. In his application upon which the policy issued, he is represented as stating in answer to a question asked by the agent, that there was no _ incumbrance upon the property. The application is signed by the plaintiff, is made a part of the policy, and has all the force and effect of a warranty.
The property having been destroyed by fire, and the company refusing to pay, the plaintiff brought his action to recover the value. One of the grounds of defence relied on by the company is, that the representation in respect to the incumbrance was untrue, that at the time there was a deed of trust upon the building, nearly equal to its value, the existence of which was wholly unknown to the company. This is not controverted by the plaintiff; but he insists that he _ made no such representation upon the subject of incumbrances as is set forth in the application.
Upon the trial he was introduced^ as a witness in his own behalf, and in response to a question propounded *by his own counsel, he said he had never *190 read the application, either at the time or since; that the agent of the company asked him in whom the title was, and he replied it was in himself, but the agent did not ask him any question as to incumbrances on said property.
This evidence was objected to by the company upon the ground that its effect was to contradict the express terms of the warranty: but the court overruled the objection and permitted the evidence to g.o to the jury. From this statement it is mani- ■ fest that the whole question turns upon the admissibility of. parol testimony to affect the terms of a written contract.
In Towner v. Lucas’ ex’or, 13 Gratt. 705, all the authorities bearing upon this question are cited and discussed by Judge Allen .with great ability. That was a case of great hardship upon the defendant. He had signed his name as surety to a bond upon the most positive assurance of the obligee he should never be called on to pay it; that his signature was a mere matter of form, only designed to put a stop to the talk of a particular person named in the neighborhood. The defendant offered to show these facts; but the evidence was held inadmissible. In answer to the argument that it would be a fraud to insist on the written agreement in violation of the parol understanding, it was said the rule of the common law excludes oral testimony of the alleged understanding, and as it cannot be proved by legal evidence the understanding itself, in legal understanding, cannot be regarded as existing in fact.
This last case was followed by that of Woodward, Baldwin & Co. v. Foster, 18 Gratt. 200, where the subject is a good deal discussed by Judge Joynes. In these two opinions all the Virginia cases are referred to, and the argument exhausted. They show that in *this state certainly, the rule is well settled, that when a contract is.reduced to writing, the writing is regarded as not only the best, but the sole evidence of the contract, and the parties are presumed to have rejected everything it does not contain.
There is no doubt that this rule applies as well to policies of insurance as to an)' other class of written contracts. In Lee v. Howard Ins. Company, 3 Gray’s R. 583, Bigelow, J., discussing the question of the admissibility of parol evidence to affect the terms of the policy, said: “That upon the most familiar principles of the law of evidence, all previous verbal agreements must be taken to be merged in the written agreement of the parties made for the purpose of embodying the 'terms of the contract, and designed to be the depositary and proof of their final intention.”
The exceptions to this rule that are sanctioned by the courts, are found in those cases in which the insured is misled by the as-, surances or declarations of the agent of the insurer, or where the latter seeks to take advantage of a forfeiture of his own creation, or where the insured has given a correct description of the 'property, which has not been followed by the insurers or their agents in preparing the policy; or where the parties stand on unequal ground, and one of them uses his superior knowledge or influence to mislead the other as to the true import of the contract.
There are numerous others which need not be mentioned. See 2 Am. L. Cases, 912 to 915, 916. It must be conceded that many of these exceptions, if they can be so termed, are utterly irreconcilable with the rule itself, or any just principle upon which it is founded. I11 such cases it is said, however, the oral evidence is not offered to contradict the writing, but *to show that the representation as it is written ought not to be used against the party, upon the ground of an equitable estoppel. The recent cases of Georgia Home Ins. Co. v. Kinnier’s adm’r supra, 88, and Manhattan Fire Ins. Co. v. Weill & Ullman, supra, 389, recently decided by this court are illustrations of this doctrine.
It is believed, however, that no well considered case can be found which has gone so far as to allow the introduction of parol proof such a.s is offered here. The application contains a particular and minute description of the building — its location, size, the material of which it is constructed, the uses to which the rooms are appropriated, and of other matters which could only have been furnished by the insured himself or his agents; following this, the description, is the representation in respect to the liens and encumbrances. It is conceded that whatever relates to the former was furnished by the plaintiff; but it is insisted that the representation in respect to the encumbrances was inserted without his knowledge or consent. It is not pretended that the agent of the company was guilty of any fraud or wilful misrepresentation. The effort of the •plaintiff is to defeat a written representation and warranty by a simple denial on his part, that either was in fact m-ade. And the difficulty of thus contradicting the plain terms of his contract is sought to be obviated by asserting that it was never read to him. If such evidence is admissible, it is difficult to imagine a case in which it would not be allowable to vary the legal import of a deed by parol testimony.
In Cooper v. Farmers’ Mutual Ins. Comp., 50 Penn. R. 299, a case very similar to this, an effort was made- to show that the representation in regard to the incumbrance had been introduced into the application by ^mistake, and that the contract should read as if the property had been represented as incumbered. The supreme court said: “Had the evidence been received, it would have proved what doubtless is true, that there was no fraud or wilful misrepresentation; but it did not tend to show that the warranty has not been made, or that it had not been broken. But were it conceded that parol evidence is admissible for the purpose of reforming a policy, it is still true that no written instrument can be reformed on proof of a mistake, unless it be a mistake of both parties. Mistake of the assured alone will not answer. If it would, insurers might be held by a contract to which they never as *191 sented. It is mutual mistakes only which make a contract reformable in equity.”
One of the later cases on this subject is Ryan v. World Life Ins. Comp., 41 Conn. R. 168. There, as here, the insured asserted that she and her husband had signed the application without reading it and without its being read to them. The court said, that of itself was inexcusable negligence. The application contained her agreements and representations in an important contract. When she signed it she was bound to know what she signed. The law requires that the insured shall not only in good faith answer all the interrogatories correctly, but shall use reasonable diligence to see that the answers are correctly written. It is for his interest to do so; and the insurer has the right to presume that he will do it.” The cases of Barrett & als. v. Union Mut. Fire Ins. Comp., 7 Cush. R. 175; Jenkins v. Quincey Mut. Fire Ins. Comp., 7 Gray R. 370; Holmes et als. v. Charlestown Mut. Fire Ins. Comp., 10 Metc. R. 211, are all authorities in point, and fully sustain the view here taken.
The introduction of parol evidence in such cases is *but an attempt to substitute for the representations and warranties contained in the written agreement oral representations and warranties of an entirely different character.
We are therefore of opinion that the circuit court erred in receiving the evidence set out in the defendant’s first bill of exceptions; and for this error the judgment must be reversed and the cause remanded for a new trial, upon which, if the same evidence is again offered and objected to by the defendant, it must be refused by the court. _
_ The next question for consideration is in respect to the several instructions set out in the defendant’s second bill of exceptions. It is apparent that the action of the court in giving some of these instructions, and in refusing others, was based entirely upon its opinion with regard to the admissibility and effect of the parol testimony already considered.
The first, second and third instructions asked for by defendants, assert the proposition that the application is a part of the policy, that the answers therein given, in respect to the non-existence of any incumbrance upon the property, amount to a warranty, and if the jury should believe there was such an incumbrance at the time, this constituted a breach of warranty, and the policy was on that account void, unless the defendant had notice of the incumbrance. These instructions correctly state the law, and ought to have been given by the court.
The fourth instruction substantially affirms, that the act of the defendant in demanding and securing assessments upon the premium note of the plaintiff would not amount to a waiver of the breach of warranty, unless so intended by the defendant. In this respect the instruction is clearly erroneous. If the ^defendant, with knowledge of the existence of the incumbrance, knowingly received assessments upon the note involved in this controversy, such conduct would amount to a waiver of the breach of warranty, whether so intended or not. On the other hand, if the defendant received such assessments under an erroneous idea on the part of one of its officers, that they were paid upon another and totally different note, it is clear that the right to insist upon the forfeiture would not be in the least affected by such payments and receipt. This proposition would seem to be too plain to require argument or authority to support it.
_ The fifth instruction lays down a proposition of law in the broadest and most comprehensive terms, not involved in the case, and not necessary to its proper decision. Without undertaking now to say whether the proposition is sound, we are of opinion, for the reason just stated, it was properly refused. The sixth instruction was given, and no complaint is made by any one on that ground.
The second instruction given by the court, in lieu of the fourth asked for by the defendant, is erroneous, at least so much of it as refers to the supposed acts of waiver on the part of the defendant. The instruction informs the jury that the existence of an incumbrance, under the circumstances therein detailed, was a breach of the warranty, unless the defendant had actual knowledge of such incumbrance, or upon obtaining actual knowledge thereof at some subsequent date did, or suffered to be done, any act by which any objection thereto was waived. This instruction was calculated palpably to mislead the jury. It left them unrestricted to explore the field of inquiry, and to assume that any act done, or suffered to be done, by the defendants, might be construed by *them as a waiver without regard to the circumstances under which the act was done, whether done with full knowledge or under a plain mistake of the facts. What has been said in regard to the fourth instruction asked for on the part of the defendants, and refused by the court, will show the character of the instruction which ought to have been given on this branch of the case,
The bill of exceptions sets out other instructions asked for by defendant; but they involve no new propositions. They only tend to cumber the record, without elucidating the matter of controversy. All of them are connected in a greater or less degree, with the parol evidence already adverted to. When that is out of the case, the instructions must be regarded as wholly immaterial.
Upon the grounds here stated, we are of opinion the judgment of the circuit court must be reversed, and a new trial awarded.
MoncurS, P-, and Christian, J., concurred in the opinion oí StapeES, J.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the testimony of the defendant in error, set forth in the plaintiff in error’s first bill of exceptions, was not competent to contradict the legal import and effect of the representation *192 contained in the declaration, upon which the policy of insurance in this case was founded; and the county court erred in overruling the objection of the plaintiff in error to the same. The court is further of the opinion that the county court erred in refusing to *give to the jury the first, second and third instructions asked for by the plaintiff in error; but did not err in refusing to give the fourth and fifth instructions asked for by the said plaintiff in error. The court is further of opinion that the said county court erred in giving to the jury the second instruction given by the court in lieu of the fourth instruction asked for by the plaintiff in error; this court not deeming it material to pass upon the first and second instructions asked for by the plaintiff in error in the second series. Therefore it is considered that the judgment of the said circuit court, affirming the judgment of said county court, be reversed and annulled; and that the plaintiff in error recover against the defendant in error its costs by it expended in the prosecution of its writ of supersedeas aforesaid here. And this court proceeding to render such judgment as the said circuit court ought to have rendered, it is further con.sidered that the judgment- of the said county court be reversed and annulled, that the verdict of the jury be set aside, and the cause remanded to the said circuit court for a new tidal to be had therein in accordance with the principles of this judgment.
Which is ordered to be certified to the said circuit court.
Judgment reversed.

See monographic note on insurance appended to Mutual Assur. Society of Va. v. Holt & als., 29 Gratt. 612.